**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ZHIPENG QU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  15-73853

Agency No. A089-882-610

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Zhipeng Qu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Qu's testimony, inconsistencies between his testimony and his declaration, Qu's use of false information to obtain a visa, and his demeanor. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Li v. Garland,* 13 F.4th 954, 961 (9th Cir. 2021) (applicant's false information on visa application supported adverse credibility determination); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (agency's demeanor finding was supported where IJ provided "specific, first-hand observations"). Qu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Qu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In his opening brief, Qu does not raise, and therefore waives, any challenge to the denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80

15-73853

(9th Cir. 2013) (petitioner waived challenge to issue not specifically raised and argued in his opening brief).

The BIA did not err in concluding that Qu failed to establish the IJ violated his right to due process by exhibiting bias. *See Lata*, 204 F.3d at 1246 (error and prejudice required to prevail on a due process claim).

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**